ANTONIO COLÓN, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE PONCE, recurrido.

*Número:* G-62-15      *Resuelto:* 29 de marzo de 1963

*Álvaro Ortiz,* abogado del recurrente; el Registrador recurrido compareció por escrito.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El registrador recurrido sostiene que la Ley Núm. 62 de 1937,—4 L.P.R.A. secs. 921–927—requiere que los poderes otorgados antes de su vigencia sean inscritos en el Registro de Poderes que establece la referida ley, para que puedan ser considerados a los fines de acreditar las facultades del apoderado en el otorgamiento de actos o contratos de fecha posterior a tal vigencia. ¿Es correcta la contención del registrador?

Antes de proceder a considerar la cuestión planteada dispondremos de un reparo del registrador a nuestra jurisdicción. Invoca los dictámenes enunciados en *Noriega* v. *Registrador,* 15 D.P.R. 674 (1909) y *Barreras* v. *Registrador,* 15 D.P.R. 556 (1909) que establecen que no puede recurrirse de una segunda nota denegatoria cuando la primera ha sido consentida. Pero esa no es la situación que este recurso presenta. Con fecha 18 de diciembre de 1961, y notificado al día siguiente, el registrador denegó la inscripción de una escritura de compraventa porque el poder mediante el cual actuó el vendedor, que había sido otorgado el 5 de mayo de 1924, no estaba inscrito en el Registro de Poderes. Dentro del término de subsistencia de la anotación preventiva tomada, el 2 de febrero siguiente, se presentó al registrador, en interés de subsanar el defecto apuntado, una

certificación del Secretario del Tribunal Supremo al efecto de que del Registro de Poderes ño aparecía qué el poder que se había acompañado como complementario hubiera sido revocado o modificado. El registrador volvió a denegar la inscripción y de esta segunda denegatoria es que se ha recurrido. No se trata, pues, de que se consintiera a la actuación original del recurrido.

La ley dispone en su Art. 3—4 L.P.R.A. sec. 922 (Supl. 1962)—que "[s]erá obligación de todo notario ante el cual se otorgue una escritura de constitución, modificación, ampliación, sustitución, renuncia, revocación o renovación de poder, remitir al Secretario del Tribunal Supremo de Puerto Rico, dentro de las setenta y dos(¹) horas después de su otorgamiento, una notificación, bajo su fe notarial, haciendo constar en la misma el nombre o nombres del otorgante u otorgantes y testigos, fecha, número y naturaleza de la escritura con especificación de la persona a quien se le confiere, amplía, modifica o revoca el poder; en caso de sustitución de poder se consignará en dicha notificación el nombre de la persona sustituida y el apoderado, y cuando se trate de renuncia de poder el nombre del mandante; *Disponiéndose*, que será deber del Secretario del Tribunal Supremo acusar recibo a los notarios de dicha notificación y proceder inmediatamente después de recibirla a hacer las anotaciones correspondientes en el libro que determina el artículo 5 de esta Ley."

Nada dispuso expresamente en cuanto a los poderes otorgados o protocolizados antes de su vigencia. Específicamente la ley provee que se remita la notificación al Tribunal Supremo dentro de un período de tiempo estipulado. ¿Cuándo es que tendrían la obligación de notificarlo los notarios que otorgaron las escrituras de poderes antes de 1937? ¿Inmediatamente de entrar a regir la ley? ¿Qué responsabilidad podría exigírsele a los que no lo hicieron, si no hay un precepto específico que los obligue? Fácil hubiera sido para el

---

(¹) La Ley según originalmente aprobada establecía un término de 48 horas.

legislador establecer que era necesario registrar los poderes otorgados antes de la vigencia de la ley, dentro de un plazo de gracia. En este caso el recurrente hizo más de lo que estaba obligado. Presentó, como antes apuntamos, una certificación negativa.

El registrador invoca el caso de *Rosario* v. *Registrador*, 59 D.P.R. 428 (1941). Allí sostuvimos que poderes otorgados fuera de Puerto Rico antes de la vigencia de la ley de 1937 tenían que ser protocolizados. La situación que este caso presenta es distinta a la que en aquél consideramos. Como expresamos en *Rosario* "[l]o que dispone la ley es que a partir de su vigencia, documentos de esta índole dejarán de surtir efecto en Puerto Rico, a menos que se protocolicen y anoten previamente en el Registro de Poderes".

■ La ley no distinguió entre los poderes otorgados antes de su vigencia y los otorgados después. A partir de la vigencia de la ley todo poder otorgado fuera de Puerto Rico que no esté protocolizado hay que protocolizarlo y registrarlo en el Registro de Poderes para que pueda ser considerado a los fines de acreditar las facultades del apoderado.

■ Es claro que no se requiere que poderes otorgados en Puerto Rico antes del 6 de agosto de 1937, fecha en que entró en vigor la ley, sean notificados al Secretario del Tribunal Supremo para su incripción en el Registro de Poderes.

*Se revocará la nota recurrida y se ordenará la inscripción de la escritura presentada.*