In re Consulta del Secretario sobre inscripción de ratificación de poder en el Registro de Poderes de este Tribunal.

*Número:* ———— *Resuelto:* 11 de marzo de 1976

En este caso no intervinieron abogados.

RESOLUCIÓN

Ante el notario Ramón Morán Loubriel compareció Robert H. Wahlert el 6 de junio de 1975 y otorgó las escrituras públicas núms. 14, 15 y 16 en las que representando como mandatario *verbal* a su esposa Donna J. Wahlert; a los esposos David W. y Beate D. Wahlert; y a los esposos Charles E. y Jean L. Stoltz, respectivamente, entregó en fideicomiso al Banco Crédito y Ahorro Ponceño acciones comunes de la corporación Edelcar, Inc., pertenecientes a él y sus mandantes, para beneficio de los hijos de los fideicomitentes. Dichos mandantes ratificaron lo así actuado por Robert H. Wahlert en tres documentos por todos ellos suscritos el 10 de junio de 1975 en Dubuque, Iowa, ante el notario Clifford M. Less, refrendada la facultad de éste por certificación de Melvin D. Synhorst, Secretario de Estado de Iowa.

Mediante su escritura núm. 17 otorgada en San Juan el 24 de junio de 1975 el notario Morán Loubriel protocolizó dichos instrumentos de ratificación otorgados en Iowa, y notificó la protocolización al Registro de Poderes de este Tribunal en cumplimiento de 4 L.P.R.A. secs. 922 y 923.

El Secretario ha detenido la anotación en el Registro de Poderes y elevado consulta al Juez Presidente por entender que el documento de protocolización no debe tener acceso al Registro de Poderes invocando la letra de la Sec. 4 de la Ley Notarial (4 L.P.R.A. sec. 923) que copiamos:

"Sec. 923. Instrumentos otorgados fuera de Puerto Rico

Todo instrumento de constitución, modificación, ampliación, sustitución, renuncia o revocación de poder otorgado fuera del Estado Libre Asociado no surtirá efecto en Puerto Rico, a menos que sea previamente protocolizado en Puerto Rico, siendo obligación del notario que verifique dicha protocolización dar cumplimiento a las disposiciones de la sec. 922 de este título, tal y como si el documento motivo de protocolización hubiera sido otorgado ante él."

Si bien la ley no incluye en su texto el vocablo "ratificación" es indudable que dicho acto o concepto está comprendido en el propósito legislativo de reglar con óptima legalidad, certeza y seguridad el otorgamiento de escrituras relacionadas con mandatos. Toda vez que el poder de Robert H. Wahlert para convenir el fideicomiso de acciones con el Banco no se redujo a escrito, su ratificación no es más que su demorada *constitución* según las formalidades de nuestra Ley Notarial entre las cuales se cuentan la protocolización en instrumento público autorizado por notario "tal y como si el documento [protocolizado] hubiera sido otorgado ante él" y su notificación al Secretario del Tribunal Supremo. Aun cuando tuvo una anterior eficacia en la esfera de contratación civil, no es hasta la protocolización que nace este poder en el campo formal regulado por la Ley Notarial.

Se ajusta a Derecho, por tanto, la notificación hecha por el notario en este caso al Secretario del Tribunal, quien de no tener otro motivo de objeción deberá asentar la referida escritura de protocolización en el Registro de Poderes como instruye 4 L.P.R.A. sec. 924.

Lo acordó el Tribunal y certifica el Secretario. El Juez Asociado Sr. Irizarry Yunqué no intervino.

(Fdo.) Angel G. Hermida
*Secretario*