*In re* ANOTACIONES EN EL REGISTRO DE PODERES DE MODIFICA-
CIONES O REVOCACIONES DE PODERES NO INSCRITOS PREVIA-
MENTE.

*Número:* EM-91-1          *Resuelto:* 18 de marzo de 1991

## RESOLUCIÓN

### I

El notario Fernando A. Pérez Colón notificó al Director de la
Oficina de Inspección de Notarías, Lcdo. Govén D. Martínez
Surís, el otorgamiento de la Escritura Núm. 1 de Revocación de
Poder de 11 de enero de 1991. La escritura consigna que Mónica
Clara Contreras Jara —ciudadana chilena—revoca el poder a
favor de sus hermanas Gloria Isabel y Susana Inés, otorgado
mediante una escritura pública de Mandato General ante notario
en Santiago de Chile. *Este poder original no aparece inscrito en
el Registro de Poderes.*

El 28 de enero de 1991, el licenciado Martínez Surís trajo ante
nos su inquietud acerca de la corrección de su interpretación del
Art. 3 de la Ley Núm. 62 de 8 de mayo de 1937, según enmendada,
4 L.P.R.A. sec. 921 y ss. Nos informa que, hasta el presente, ha
entendido que la anotación en relación con modificaciones y
revocaciones de poderes debe sólo hacerse con relación a poderes
*que hayan sido previamente inscritos.* En consecuencia, no ha
dado acceso a aquellos documentos modificativos de poderes de
los cuales nunca se tomó razón en dicho Registro.

### II

El Registro de Poderes del Estado Libre Asociado de Puerto
Rico fue creado por virtud de la precitada Ley Núm. 62.(1) Este

---

(1) El Art. 3 aplicable de la Ley Núm. 62 de 8 de mayo de 1937, según enmendada,
dispone:

"Será obligación de todo notario ante el cual se otorgue una escritura de constitución,
modificación, ampliación, sustitución, renuncia, revocación o renovación de poder, remitir al

estatuto no posee una Exposición de Motivos que nos permita, sin margen de error, detéctar *todos* los propósitos del legislador. Tampoco hemos podido descubrirlos de las Actas del Senado o de la Cámara de Representantes. Han sido limitadas las ocasiones en que lo hemos interpretado. Nuestra casuística ha reiterado el requisito de protocolización y su registro, en cuanto a poderes otorgados fuera de Puerto Rico, así como documentos otorgados en Estados Unidos mediante los cuales se ratifican poderes verbales. *In re Secretario Tribunal Supremo*, 104 D.P.R. 696 (1976); *Colón v. Registrador*, 87 D.P.R. 895 (1963); *Rosario v. Registrador*, 59 D.P.R. 428 (1941).

No obstante lo anterior —como todo registro— el Registro de Poderes indefectiblemente ha de poseer las características siguientes:

En sentido restringido, el vocablo "registro" es usado para señalar o referir a la oficina en donde se hacen constar debidamente ciertos hechos o acontecimientos que, voluntaria o involuntariamente, acaecen en la vida diaria de relación, y que producen, como resultado, la adquisición, modificación, permutación o extinción de derechos y obligaciones.

Los registros han sido y son una necesidad de todos los tiempos. En su existencia están interesadas las naciones, por imperio de la necesidad y del ordenamiento jurídico, *pues por virtud del registro se puede acreditar en cualquier momento de la vida, hechos de distinta naturaleza y objeto. Los registros son así una fuente de comprobación de ingente utilidad.*

El régimen del registro, o sea el modo de regirse, *debe ser amplio, esto es, responder a todas las necesidades que demanda el objeto por el cual fue creado.* En este sentido el registro tiene *carácter público*; y porque es público irradia publicidad. El efecto

---

Director de Inspección de Protocolos de Puerto Rico, dentro de las setenta y dos horas después de su otorgamiento, una notificación, bajo su fe notarial, haciendo constar en la misma el nombre o nombres del otorgante u otorgantes y testigos, fecha, número y naturaleza de la escritura con especificación de la persona a quien se le confiere, amplía, modifica, o revoca el poder; en caso de sustitución de poder se consignará en dicha notificación el nombre de la persona sustituida y el apoderado, y cuando se trate de renuncia de poder el nombre del mandante; Disponiéndose, que será deber del Director de Inspección de Protocolos acusar recibo a los notarios de dicha notificación y proceder inmediatamente después de recibirla a hacer las anotaciones correspondientes en el libro que determina la sec. 924 de este título." 4 L.P.R.A. sec. 922.

inmediato y común de todo registro *es el de ser custodio de todos los actos o hechos registrados*. En función de órgano de servicio es *certificador;* respecto de sus asientos da informes a las autoridades o funcionarios públicos que lo soliciten en razón de sus cargos. (Énfasis suplido.) A. Neri, *Tratado teórico y práctico de derecho notarial: registros*, Buenos Aires, Eds. Depalma, 1973, Vol. 6, pág. 1.

Evidentemente, bajo este ancho prisma, si el Registro de Poderes ha de cumplir su propósito de dar publicidad a los eventos que la ley ordena que se inscriban, deberán anotarse todas las circunstancias que le sean traídas adecuadamente.

Varias razones de peso justifican la inscripción de estas modificaciones o revocaciones de poderes.

*Primero*, la ley expresamente requiere que se anote el otorgamiento de cualquier escritura de constitución, modificación, ampliación, sustitución, renuncia, revocación o renovación de poder. Este mandato es amplio. Advertimos que para proceder a la anotación de un documento revocatorio o modificativo no se impone ningún requisito respecto a la existencia de documento anterior.

Y *segundo*, la anotación de tales documentos hace viable que al Registro de Poderes llegue la información más reciente respecto a un acto de esta naturaleza.

Aparte de lo expuesto, siempre existe la eventualidad de que con posterioridad a la revocación o modificación de un poder otorgado en el extranjero —no inscrito en Puerto Rico— el mandatario del poder original pretenda su protocolización, inscripción e incluso utilización. La inscripción de la revocación o modificación es la única salvaguarda contra ese mal uso. En resumen, la inscripción de tales documentos tiende a garantizar una mejor precisión registral.

Con carácter prospectivo, el licenciado Martínez Surís adoptará las medidas administrativas necesarias para dar cumplimiento a esta norma, velando por que se le suministre toda la información pertinente.

*Publíquese para conocimiento y beneficio de los notarios.*

Lo acordó el Tribunal y certifica el señor Secretario General. La Juez Asociada Señora Naveira de Rodón no intervino.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*